UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES | : |
| | : |
| v. | : CASE NO. 3:97-cr-48 (RNC) |
| | : |
| ERNESTO BERNARD | : |

<u>ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE</u>

Defendant Ernesto Bernard has moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is granted.[1]

In 1999, Mr. Bernard was the lead defendant in a large RICO conspiracy case against members of the Latin Kings in Connecticut. Prior to trial, he pleaded guilty to participating in the conduct of the affairs of the Latin Kings through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c). The racketeering activity to which he pleaded guilty encompassed conspiracy to distribute and possess with intent to distribute heroin, cocaine, and cocaine base in Bridgeport; conspiracy to distribute and possess with intent to distribute heroin in New Haven; and robbery. The plea agreement contemplated that Mr. Bernard would receive credit for acceptance of responsibility based on his guilty plea, but the

---

[1] Mr. Bernard has separately moved for relief under the First Step Act. That motion is hereby denied as moot.

1

Court declined to give him such credit because of his refusal to acknowledge his role in the attempted murder of a cooperating witness. Without credit for acceptance of responsibility, the Guidelines called for a sentence of imprisonment of 360 months to life. Mr. Bernard was sentenced to 405 months followed by 60 months of supervised release. He has served 276 months in real time, which is the equivalent of 324 months with accumulated good-time credit.

Compassionate release is authorized by 18 U.S.C. § 3582(c)(1)(A), which, as modified by the First Step Act, provides:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . , may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[2]

A number of courts have concluded that the dangers posed by the novel coronavirus can constitute extraordinary and compelling reasons warranting compassionate release consistent with the Sentencing Commission's applicable policy statements. See United States v. Delgado, -- F. Supp. 3d --, 2020 WL 246485, at

---

[2] There is no debate that Mr. Bernard has satisfied the exhaustion requirement.

\*3 (D. Conn. Apr. 30, 2020) ("Since the outbreak of the COVID-19 pandemic, numerous courts within this Circuit have held that a defendant's pre-existing health conditions – especially respiratory conditions – in combination with the increased risks of COVID-19 in prions constitute 'extraordinary and compelling reasons' warranting relief.").

Mr. Bernard is 57 years old, and BOP has determined that he is at "high risk" of serious illness or death were he to contract COVID-19.  BOP's determination is supported by a combination of preexisting medical conditions.  Mr. Bernard appears to have hypertension based on consistently high blood pressure readings.  He at one point suffered from Hepatitis C.  While he no longer tests positive for that disease, it appears to have caused some permanent liver damage.  He continues to show the effects of a neurological injury he sustained when attacked by another prisoner, which increases his risk of suffering a stroke.  And he has chronic periodontal disease, which puts him at an increased risk of secondary bacterial infections.

In deciding whether to grant compassionate release, a court must consider the factors set forth in 18 U.S.C. 3553(a).  Those factors include the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote

respect for law, and provide just punishment; the need for specific and general deterrence; and the need to protect the public from further crimes of the defendant.

In this case, these factors weigh in favor of granting compassionate release. Mr. Bernard's rehabilitative efforts while in BOP custody have been nothing short of extraordinary. In particular, he has demonstrated extraordinary rehabilitation through his participation in and leadership of victim impact courses. During a hearing on the present motion, Mr. Bernard expressed genuine, heartfelt remorse for his criminal conduct. He explained that as a result of his involvement in the victim impact program, he is able to empathize with others, which he never did before. BOP records confirm that his participation in the victim impact program has been transformative.

In addition, Mr. Bernard has now accepted responsibility for the full extent of his wrongdoing as the head of the Latin Kings in Connecticut. Had he received credit for acceptance of responsibility at the time of sentencing, his Guidelines range would have been 292 to 365 months of incarceration, rather than 360 to life. As noted above, he has already served 276 months, which equates to 324 months with credit for good time.

Accordingly, it is hereby ordered:

1. The motion for compassionate release is granted and Mr. Bernard's term of imprisonment is reduced to time-served.

4

2.  Mr. Bernard will be released from the custody of the Bureau of Prisons forthwith.

3.  Upon his release from custody, Mr. Bernard will self-quarantine for a period of 14 days.

4.  If Mr. Bernard experiences symptoms associated with COVID-19, he will endeavor to be tested.  If he tests positive, he will inform the BOP.

5.  All terms of Mr. Bernard's supervised release will remain in effect, subject to an application by Mr. Bernard or the Probation Office for appropriate modification.

6.  All terms of the Judgment remain in effect except as expressly modified by this order.

So ordered this 4th day of August, 2020.

                                                     _____/s/ RNC_____
                                                       Robert N. Chatigny
                                        United States District Judge